IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DEN BESTE,

Plaintiff, No. 2:12-cv-204-MCE-EFB PS

vs.

MANDY POWER; PATRICK BULMER,

Defendants. ORDER TO SHOW CAUSE

_________________________________/

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On April 19, 2012, defendant Mandy Power filed a motion to dismiss plaintiff's complaint and noticed the motion for hearing on June 12, 2012. Dckt. No. 9. Then, on May 15, 2012, Power filed a motion for sanctions, which was also noticed for hearing on June 13. Dckt. No. 13. Plaintiff opposes the motions and has filed a cross motion for summary judgment, which he also noticed to be heard on June 13. Dckt. Nos. 17-19.

As noted in Power's motion to dismiss, Dckt. No. 9, and as conceded in plaintiff's complaint, Dckt. No. 1, plaintiff filed for bankruptcy in September 2010, and his Chapter 7 bankruptcy action is still pending in the United States Bankruptcy Court for the Northern District of California. *In re DenBeste*, 10-13558 (N.D. Cal. Bankr.); *see also* Compl., Dckt. No. 1, Exs. A-C; Mot. to Dismiss, Dckt. No. 9, at 3; Power Decl., Dckt. No. 9-3, Ex. 5.

In light of the pending bankruptcy action, it appears that plaintiff does not have standing to proceed in the current action. Upon a declaration of bankruptcy, all of the debtor's legal or equitable interests in property become the property of the bankruptcy estate. *Manlangit v. Nat'l City Mortg.*, 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010) (citing 11 U.S.C. § 541(a)). This includes causes of action. *See id.*; *see also Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir.1986); *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1453 (D. Haw. 1996). Therefore, "a bankruptcy petitioner loses standing for any causes of action and the estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims" or the claims are exempt from the bankruptcy estate. *Manlangit*, 2010 WL 2044687, at *1 (citing *In re Lopez*, 283 B.R. 22, 28-29 (9th Cir. 2002); *In re Pace*, 146 B.R. 562, 565-66 (9th Cir. 1992)); *Rowland*, 949 F. Supp. at 1453.

Here, there is no indication that the bankruptcy trustee has abandoned the claims against defendants or that this action is exempt from or should be excluded from the bankruptcy estate.[1] Therefore, plaintiff and/or the bankruptcy trustee will be required to substitute or join the bankruptcy trustee, or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."). If plaintiff and the bankruptcy trustee fail to do so, the undersigned will recommend that this action be dismissed with prejudice. Additionally, all pending motions will be denied without prejudice to being re-filed once the Rule 17 issues are resolved.

---

[1] In fact, in another action pending before this court, plaintiff conceded that he lacks standing. *See DenBeste v. Judgment Enforcement USA, Inc.*, 2:10-cv-2334-JAM-KJN, Dckt. No. 19 at 2.

Accordingly, IT IS HEREBY ORDERED that:

1. On or before June 25, 2012, plaintiff and/or the bankruptcy trustee shall substitute or join the bankruptcy trustee, or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3).

2. If plaintiff and the bankruptcy trustee fail to comply with the Rule 17 requirements on or before June 25, 2012, the undersigned will recommend that this action be dismissed with prejudice.

3. Defendant Power's motion to dismiss and motion for sanctions, Dckt. Nos. 9 and 13, and plaintiff's cross-motion for summary judgment, Dckt. No. 19, are denied without prejudice to being re-filed once the Rule 17 issues have been resolved, and the June 13, 2012 hearing thereon is vacated.

4. Within seven days of the date this order is filed, plaintiff shall serve a copy of this order on the bankruptcy trustee and shall file a proof of such service.

Dated: June 6, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE