1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    PAUL DEN BESTE,

11              Plaintiff,                      2:12-cv-204-MCE-EFB PS

12         vs.

13    MANDY POWER, PATRICK BULMER,

14              Defendants.                     ORDER
   _____/

15

16         This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17    undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  On June 7, 2012,

18    the undersigned issued an order noting that because plaintiff filed for bankruptcy in September

19    2010 and his Chapter 7 bankruptcy action is still pending in the United States Bankruptcy Court

20    for the Northern District of California, it does not appear that plaintiff has standing to proceed in

21    this action.  Dckt. No. 24 at 1-2 (citing *In re DenBeste*, 10-13558 (N.D. Cal. Bankr.)).  The court

22    noted that there was no indication that the bankruptcy trustee had abandoned the claims against

23    defendants or that this action is exempt from or should be excluded from the bankruptcy estate.

24    *Id.* at 2.  Therefore, plaintiff and/or the bankruptcy trustee were ordered to either substitute or

25    join the bankruptcy trustee, or show the trustee's ratification of this action, pursuant to the

26    requirements of Federal Rule of Civil Procedure 17(a)(3).  *Id.* at 3.  The order provided that if

1

1    plaintiff and the bankruptcy trustee fail to do so, the undersigned would recommend that this

2    action be dismissed with prejudice.[1]  *Id.*  The order also directed plaintiff to serve a copy of the

3    order on the bankruptcy trustee and to file a proof of such service.  *Id.*

4            On June 13, 2012, plaintiff filed a proof of service of the June 7 order to show cause on

5    the bankruptcy trustee.  Dckt. No. 33.  Then, on June 25, 2012, plaintiff filed a response to the

6    order to show cause, indicating that the order to show cause is moot because the Chapter 7

7    bankruptcy trustee has abandoned plaintiff's claim that defendants illegally seized $66,001.01

8    from a financial institution.[2]  Dckt. No. 34 at 2, 3 (citing Dckt. No. 31).  Plaintiff contends that

9    he "met and conferred with a representative of Chapter 7 Trustee Jeffry Locke regarding issues

10   listed in the OSC" and that "[b]ased upon that meeting [and plaintiff's June 7, 2012 filing, Dckt.

11   No. 31, the] Chapter 7 Trustee abandoned the . . . claim."  *Id.* at 2-3.  However, nothing in

12   plaintiff's response to the order to show cause, Dckt. No. 34, or his June 7 filing, Dckt. No. 31,

13   suggests that the trustee followed the procedures set forth in 11 U.S.C. § 554 regarding the

14   abandonment of plaintiff's current claims.  Rather, plaintiff's June 7 filing discusses an

15   abandonment by the trustee of a claim by defendant Bulmer (and plaintiff has sought to have that

16   abandonment order vacated).  Dckt. No. 31 at 2; *see also* Dckt. No. 15 at 38-39.  Therefore,

17   plaintiff will be ordered to file a further response to the June 7, 2012 order to show cause.

18   Additionally, the bankruptcy trustee, Jeffry Locke, will be ordered to respond to the June 7, 2012

19   order to show cause and plaintiff's June 25, 2012 response thereto.  Defendants will then be

20   given an opportunity to respond to those filings.[3]

21   ////

22

23          [1] In light of the order to show cause, all of the pending motions were denied without
     prejudice.

24          [2] Plaintiff further contends that he has standing pursuant to 11 U.S.C. § 362(k) and 15
25   U.S.C. § 1692k.  Dckt. No. 34 at 2.

26          [3] The court notes that defendant Bulmer has not yet appeared in this action and has not
     yet been served.  *See* Dckt. Nos. 27-30.

Accordingly, IT IS HEREBY ORDERED that:

1. On or before September 24, 2012, plaintiff shall file a further response to the June 7, 2012 order to show cause, demonstrating either that the trustee has properly abandoned plaintiff's current claims pursuant to the procedures set forth in 11 U.S.C. § 554, or that the trustee intends to be substituted as the plaintiff in this action or intends to ratify the action pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3).  Plaintiff shall also address whether claims for willful violations of a bankruptcy stay should be heard in the bankruptcy court or district court.

2. On or before September 24, 2012, the bankruptcy trustee, Jeffry Locke, shall file a response to this court's June 7, 2012 order to show cause, as well as plaintiff's June 7 filing and June 25 response to the order to show cause, indicating whether he has properly abandoned plaintiff's current claims pursuant to the procedures set forth in 11 U.S.C. § 554 and/or whether he intends to be substituted as the plaintiff in this action or intends to ratify the action pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3).  The trustee shall also address whether claims for willful violations of a bankruptcy stay should be heard in the bankruptcy court or district court.

3. On or before October 8, 2012, defendants shall file a response to any filings by plaintiff and/or the bankruptcy trustee.

4. If plaintiff and/or the bankruptcy trustee fail to comply with this order, the undersigned may recommend that this action be dismissed with prejudice for failure to prosecute and/or failure to comply with Federal Rule of Civil Procedure 17(a)(3).

5. Within seven days of the date this order is filed, plaintiff shall serve (a) a copy of this order, (b) plaintiff's June 7 filing, Dckt. No. 31, (c) plaintiff's June 25 response to the order to show cause, Dckt. No. 34, and (d) an additional copy of this court's June 7 order to show cause, Dckt. No. 24, on the bankruptcy trustee and shall file a proof of such service.

////

1     6.  The status (pretrial scheduling) conference currently set for hearing on September 12,

2   2012, Dckt. Nos. 3 and 10, is vacated.

3   DATED:  September 5, 2012.

4
                             EDMUND F. BRENNAN

5                             UNITED STATES MAGISTRATE JUDGE

4