IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DEN BESTE,

      Plaintiff,                                2:12-cv-204-MCE-EFB PS

      vs.

MANDY POWER, PATRICK BULMER,

      Defendants.                       <u>FINDINGS AND RECOMMENDATIONS</u>

                                        /

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On June 7, 2012, the undersigned issued an order noting that because plaintiff filed for bankruptcy in September 2010 and his Chapter 7 bankruptcy action is still pending in the United States Bankruptcy Court for the Northern District of California, it does not appear that plaintiff has standing to proceed in this action. Dckt. No. 24 at 1-2 (citing *In re DenBeste*, 10-13558 (N.D. Cal. Bankr.)). The court noted that there was no indication that the bankruptcy trustee had abandoned the claims against defendants or that this action is exempt from or should be excluded from the bankruptcy estate. *Id.* at 2. Therefore, plaintiff and/or the bankruptcy trustee were ordered to either substitute or join the bankruptcy trustee, or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3). *Id.* at 3. The order provided that if

1

plaintiff and the bankruptcy trustee fail to do so, the undersigned would recommend that this action be dismissed with prejudice.[1] *Id.* The order also directed plaintiff to serve a copy of the order on the bankruptcy trustee and to file a proof of such service. *Id.*

On June 13, 2012, plaintiff filed a proof of service of the June 7 order to show cause on the bankruptcy trustee. Dckt. No. 33. Then, on June 25, 2012, plaintiff filed a response to the order to show cause, indicating that the order to show cause is moot because the Chapter 7 bankruptcy trustee has abandoned plaintiff's claim that defendants illegally seized $66,001.01 from a financial institution.[2] Dckt. No. 34 at 2, 3 (citing Dckt. No. 31). Plaintiff argued that he "met and conferred with a representative of Chapter 7 Trustee Jeffry Locke regarding issues listed in the OSC" and that "[b]ased upon that meeting [and plaintiff's June 7, 2012 filing, Dckt. No. 31, the] Chapter 7 Trustee abandoned the . . . claim." *Id.* at 2-3. However, nothing in plaintiff's response to the order to show cause, Dckt. No. 34, or his June 7 filing, Dckt. No. 31, suggested that the trustee followed the procedures set forth in 11 U.S.C. § 554 regarding the abandonment of plaintiff's current claims. Rather, plaintiff's June 7 filing discussed an abandonment by the trustee of a claim by defendant Bulmer (and plaintiff has sought to have that abandonment order vacated). Dckt. No. 31 at 2; *see also* Dckt. No. 15 at 38-39. Therefore, plaintiff was ordered to file a further response to the June 7, 2012 order to show cause. Additionally, the bankruptcy trustee, Jeffry Locke (the "Trustee"), was ordered to respond to the June 7, 2012 order to show cause and plaintiff's June 25, 2012 response thereto.[3]

On September 24, 2012, the Trustee filed a response to the order to show cause, stating that "the action before this Court should be dismissed, without prejudice to the Trustee pursuing

---

[1] In light of the order to show cause, all of the pending motions were denied without prejudice.

[2] Plaintiff further argued that he has standing pursuant to 11 U.S.C. § 362(k) and 15 U.S.C. § 1692k. Dckt. No. 34 at 2.

[3] The court notes that defendant Bulmer has not yet appeared in this action and has not yet been served. *See* Dckt. Nos. 27-30.

any underlying claim in the bankruptcy case, and any claim for willful violation of the bankruptcy stay should be heard before the Bankruptcy Court." Dckt. No. 38 at 3. The Trustee states that to the extent plaintiff has a claim against defendants under the Fair Debt Collection Practices Act, "such claim is based on events that occurred prior to the filing of the Debtors' petition for bankruptcy relief, and became the property of the estate upon the commencement of the bankruptcy case." *Id.* at 2 (citing 11 U.S.C. § 541(a); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 708-09 (9th Cir. 1986)). The Trustee contends that he "is the sole representative of the estate who succeeded to all causes of action held by the Plaintiff at the time the bankruptcy case is filed, and is the real party in interest with the exclusive authority to sue." *Id.* (citing 11 U.S.C. §§ 323 and 541(a)(1); *Estate of Spirtos*, 443 F.3d 1172, 1176 (9th Cir. 2006)). Additionally, the Trustee states that "[c]ontrary to the Plaintiff's suggestion that the Trustee abandoned the claims against the Defendants, no such abandonment occurred." *Id.* The Trustee further provides that he "has considered the claims made by the Plaintiff in this action, and believes that it is not in the best interest of the bankruptcy estate to pursue the claims in this Court, and will not substitute as a party to, or ratify this action." *Id.* The Trustee contends that "[t]o the extent the Trustee succeeded to the causes of action held by the Plaintiff at the commencement of the bankruptcy case, the Trustee believes that such claims may be asserted against one or both defendants and resolved in the Bankruptcy Court." *Id.* at 3. Finally, the Trustee argues that "any claims for violations of the automatic stay should be heard by the Bankruptcy Court, which has the authority to enter final judgment, is well aware of the facts of this case and whether such claims have merit, and will ensure judicial economy." *Id.*

Also on September 24, 2012, plaintiff filed a response to the September 5 order. Dckt. No. 39. Plaintiff contends that he has no explanation for why the Trustee failed to follow the procedures set forth in 11 U.S.C. § 554 regarding the abandonment of plaintiff's claims, and does not know the Trustee's intentions with regard to substitution or ratification. *Id.* at 2-3. Plaintiff does argue, however, that plaintiff's claims for willful violations of the bankruptcy stay

3

should not be heard in the bankruptcy court since the bankruptcy judge does not appreciate the importance of the automatic bankruptcy stay and has not properly enforced that stay. *Id.* at 3-7. Plaintiff also contends that the Trustee has violated his duties with regard to the bankruptcy proceedings. *Id.* at 7-11.

As noted in the original June 7 order to show cause, Dckt. No. 24, upon a declaration of bankruptcy, all of the debtor's legal or equitable interests in property become the property of the bankruptcy estate. *Manlangit v. Nat'l City Mortg.*, 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010) (citing 11 U.S.C. § 541(a)). This includes causes of action. *See id.*; *see also Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986); *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1453 (D. Haw. 1996). Therefore, "a bankruptcy petitioner loses standing for any causes of action and the estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims" or the claims are exempt from the bankruptcy estate. *Manlangit*, 2010 WL 2044687, at *1 (citing *In re Lopez*, 283 B.R. 22, 28-29 (9th Cir. 2002); *In re Pace*, 146 B.R. 562, 565-66 (9th Cir. 1992)); *Rowland*, 949 F. Supp. at 1453. Here, the trustee has not properly abandoned plaintiff's current claims and does not intend to be substituted as the plaintiff in this action or to ratify the action pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3). Additionally, the undersigned finds that any claims for willful violations of the bankruptcy stay should be heard by the bankruptcy court.[4] *See* 28 U.S.C. § 157(b).

////
////
////
////
////

---

[4] Additionally, any allegations regarding the Trustee's conduct in the bankruptcy proceedings should be addressed in that action.

4

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to the Trustee pursuing any underlying claim in the bankruptcy case, and without prejudice to any claim for willful violation of the bankruptcy stay being heard before the bankruptcy court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 26, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE